CARNEY *v.* IONIA TRANSPORTATION CO.

TRIAL— CHARGE—ISSUES.

It is prejudicial error for the trial court to fail to advise the jury as to the issues for their determination and to omit to state the rules of law which should govern them in determining their verdict.

Error to Wayne; Donovan, J. Submitted April 7, 1911. (Docket No. 49.) Decided May 8, 1911.

Assumpsit by Thomas J. Carney against the Ionia

Transportation Company for breach of a contract of employment.    Judgment for plaintiff.    Defendant brings error.    Reversed.

*E. T. Berger*, for appellant.

*Thomas L. Dalton* (*Thomas J. Mahon* and *James S. Doyle*, of counsel), for appellee.

OSTRANDER, C. J.    Upon a former trial of this cause, a verdict was directed for the defendant.    The judgment entered on the verdict was reversed and a new trial granted.    157 Mich. 54 (121 N. W. 806).    Defendant amended the notice of special matter of defense.    A second trial was had, resulting in a verdict and judgment for the plaintiff.    It is not contended that the testimony given upon the last trial is essentially different from that appearing in the former record.    We therefore refer to our opinion for a sufficient statement of the issues and the nature and tendency of the testimony which was produced. We said of plaintiff's testimony:

"While the testimony of plaintiff is not entirely definite, and is subject to different inferences, we do not think it can be said, as a matter of law, that the plaintiff did not bind himself to perform the conditional agreement.    He states that it was distinctly understood that, if defendant did not sell the boat, plaintiff would take the boat, and it is fairly inferable from his testimony that he agreed to accept $1,400, the same as the terms for the season of 1905, and to be at the service of defendant any time it should call upon him.    The contract is to be construed with reference to the custom prevailing, according to the testimony of plaintiff, of employing the master at the close of the preceding season, and, where the testimony is susceptible of different inferences, those inferences are for the jury, and not for the court."

It was also said:

"The condition disclosed by the testimony of plaintiff, that his contract of employment was to be annulled if the boat was sold, if so found by the jury, was a condition subsequent, which the plaintiff was not obligated to set up

in his declaration, but was a matter of defense which should have been pleaded by the defendant, if it desired to rely upon such defense."

At the last trial the case was given to the jury; but it is said by the appellant, and we think justly said, that the jurors were not advised concerning the issues to be determined by them, nor were any proper governing rules of law stated. In the charge many references were made to the former trial of the cause and to the rulings of this court, none of which could have aided the jurors, and most of which were calculated to confuse them. The tendency of many of them was to benefit the plaintiff and to prejudice the defendant. The argument made by the appellee, to the effect that the court should have directed a verdict for the plaintiff, is answered by the language from the former opinion which has been quoted. No verdict which the jury could have rendered, in favor of either party, could be permitted to stand, if properly objected to.

The judgment is reversed, and a new trial granted.

BIRD, HOOKER, MOORE, and MCALVAY, JJ., concurred.